# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARGARET LAMM,**

        **Plaintiff,**

**v.**                                        **Case No:   6:12-cv-1428-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

---

# MEMORANDUM OF DECISION

Margaret R. Lamm (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) not accounting for the opinions of several doctors in his residual functional capacity ("RFC") determination; 2) rejecting her anxiety impairment; 3) not accounting for her severe impairments of depression and headaches at step four of the sequential evaluation process; and 4) not considering the side effects of her medications.   Doc. No. 20 at 8-19.   For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    <u>STANDARD OF REVIEW.</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   <u>ANALYSIS.</u>

### A.  Dr. Hinkeldey & Dr. Wiener.

Claimant argues that the ALJ did not consider all of Dr. Hinkeldey's and Dr. Wiener's opinions, and therefore his decision is not supported by substantial evidence.   Doc. No. 20 at 16-18.   Although not specifically raised by Claimant, the Court notes that the ALJ's RFC determination, without explanation, materially differs from Dr. Hinkeldey's and Dr. Wiener's RFC determinations.[1]   The Commissioner argues that the ALJ's RFC determination is "generally

---

[1] Claimant's argument focuses on Dr. Hinkeldey's and Dr. Wiener's findings in section one ("Section I") of their mental RFC assessments.   *See* Doc. No. 20 at 17-18 (citing R. 496-97, 530).   The Commissioner, however, correctly

consistent" with Dr. Hinkeldey's and Dr. Wiener's RFC determinations and the medical record, and therefore is supported by substantial evidence.   Doc. No. 22 at 21-22.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability.   The Eleventh Circuit has clarified the standard the Commissioner is required to utilize when considering medical opinion evidence.   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.   *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

On April 13, 2010, Dr. Hinkeldey, a non-examining doctor acting as a state agency consultant, completed a mental RFC assessment.   R. 496-98.   Under section three ("Section III") of the assessment, entitled "Functional Capacity Assessment," Dr. Hinkeldey opined as follows:

> Claimant can understand, retain, and carry out simple instructions. Claimant can consistently and usefully perform routine tasks on a sustained basis, with minimal (normal) supervision, and can cooperate effectively with public and co-workers in completing

---

argues that the ALJ is not required to weigh Section I findings because they are not part of Dr. Hinkeldey's and Dr. Wiener's respective RFC determinations.   Doc. No. 22 at 20-21; *See, e.g., Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610 (11th Cir. 2012) (per curiam) (rejecting claimant's contention that the ALJ should have accounted for the marked limitations the doctor identified in Section I of a mental RFC assessment form, explaining that the boxes checked in Section I "are only part of a worksheet that 'does not constitute the [doctors' actual] RFC assessment'").

> simple tasks and transactions.  Claimant can adjust to the mental
> demands of most new task settings.

R. 498.   On July 2, 2010, Dr. Wiener, a non-examining doctor acting as a state agency consultant, completed a mental RFC assessment.   R. 530-32.   Under Section III of the assessment, Dr. Wiener opined that Claimant "seemed mentally capable of independently performing routine tasks with brief lapses of focus[,]" "might occasionally need a work environment with only brief interactions with others[,]" and "seemed capable of negotiating usual work hazards and changes[.]"   R. 532.

At step two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: carpal tunnel syndrome; headaches; degenerative disc disease; and depression.   R. 16.   At step four of the sequential evaluation process, the ALJ found that Claimant's RFC included a nonexertional limitation of staying "on-task for 95% of the workday with no loss in productivity."   R. 18.   The ALJ attributed this limitation to Claimant's depression. R. 22.   In reaching this RFC, the ALJ considered, among other things, the opinions of Dr. Hinkeldey and Dr. Wiener, stating the following:

> The [ALJ] also considered the evidence of the state agency consultants (Exhibits 15F, 16F, 18F, 19F, 20F).  The state agency consultant reviewed the medical evidence of record to give an assessment as to the claimant's physical and mental abilities. Although the state agency consultants are non-examining, they are professionals in their field and well-versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended.  Having considered the totality of the evidence, including records not available to the state agency consultant at the time of the assessment, the [ALJ] finds that the residual functional capacity is entitled to significant weight as it is generally consistent with claimant's current level of functioning. The [ALJ] has made the appropriate modifications based on new evidence.

R. 21 (emphasis added).[2]   Thus, the ALJ clearly considered the opinions of the non-examining doctors, but it is not clear which of those opinions was given significant weight, what weight was given to the other opinions, and why he chose not to include or otherwise account for particular limitations identified by Dr. Hinkeldey and Dr. Wiener.   *See* R. 21.

The ALJ should have assigned weight to each of the opinions, *Winschel*, 631 F.3d at 1178-79, and his failure to do so has created uncertainty as to which opinion(s) he did not weigh.   This uncertainty is significant since the Court is unable to determine whether the ALJ assigned weight to the opinions addressing Claimant's nonexertional limitations (i.e., Dr. Hinkeldey's and Dr. Wiener's opinions) or the opinions addressing Claimant's exertional limitations (i.e., Dr. Steele's opinions).   Given this uncertainty, the Court cannot conduct a meaningful review of the ALJ's decision, and must remand the case to the Commissioner for further proceedings.

Assuming, arguendo, the ALJ assigned significant weight to all of the non-examining doctors' opinions, remand is still necessary.   The ALJ's determination that Claimant can "stay on-task for 95% of the workday with no loss in productivity" is not generally consistent with Dr. Hinkeldey's and Dr. Wiener's RFC determinations, since staying on-task throughout the workday does not address the doctors' opinions that Claimant can "understand, retain, and carry out simple instructions" and perform "routine tasks[.]"   *Compare* R. 18 *with* R. 498, 532.

If the ALJ gave significant weight to Dr. Hinkeldey's and Dr. Wiener's opinions, then he should have provided a reasoned explanation as to why he did not include or otherwise account for their opinions in his RFC determination and hypothetical questions to the vocational expert.

---

[2] Exhibits 15F and 16F refer to Dr. Hinkeldey's mental RFC assessment and psychiatric review technique, respectively.   R. 496-513.   Exhibit 18F refers to Dr. Steele's, a non-examining doctor acting as a state agency consultant, physical RFC assessment.   R. 522-29.   Exhibits 19F and 20F refer to Dr. Wiener's mental RFC assessment and psychiatric review technique, respectfully.   R. 530-47.

*See Winschel*, 631 F.3d at 1178-79; *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).   The ALJ, however, provided no such explanation. *See* R. 14-23. Instead, the ALJ simply states that he "made the appropriate modifications [to the non-examining doctors' opinions] based on new evidence."   R. 21.   This general statement, however, does not inform the Court about what modifications the ALJ made to the non-examining doctors' opinions and what new evidence was used to support such a modification.   Without a more detailed explanation concerning what modifications were made and why, the Court is unable to conduct a meaningful review of the ALJ's decision to not include limitations to which he otherwise gave significant weight.   *See* R. 14-23. [3]   Accordingly, the ALJ's decision is not supported by substantial evidence, and, as a result, the case must be remanded for further proceedings. [4]

## III.   **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

---

[3] The Commissioner does not argue harmless error.   *See* R. 21-22.   Regardless, the Court finds that the error is not harmless.   The ALJ determined that Claimant could perform her past relevant work as a computer security specialist, which is skilled work.   R. 22; U.S. Dep't of Labor, Dictionary of Occupational Titles, 033.362-010 (rev. 4th ed.1991), 1991 WL 646561.   However, if the ALJ accepted Dr. Hinkeldey's and Dr. Wiener's RFC determinations then it is more than likely that Claimant would not be capable of performing skilled work, and thus would be unable to perform her past relevant work.

[4] The Court finds this issue dispositive and does not address Claimant's remaining arguments.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).   While the Court will not address Claimant's remaining arguments, the ALJ shall expressly consider and weigh Dr. Mignogna's opinions that Claimant cannot engage in "repetitive or strenuous gripping and squeezing with either hand[,]" and in "activities requiring sustained dexterity with either hand."   *See* R. 495.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Christopher G. Harris, Branch Chief
Laura A. Verduci, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Joseph P. Donovan, Sr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Chicago NHC
15th Floor
200 West Adams
Chicago, IL 60606